Lane, C. J.,
being a stockholder in the Commercial Bank, did not sit in this case, and Grimke, J., dissented. ,
Judgment affirmed.†

In Ohio, since the first organization of its government, the judgment of a court of record has operated as a lien upon the real estate of a judgment debtor. The earlier statutes creating and regulating this lien were found in some respects defective, especially during the pecuniary embarrassments which succeeded the late war. Beal estate could not be sold for less than two-thirds its appraisal. Debtors resisted payment, hoping that time would give additional value to their property. Creditors declined to accept payment in real estate, lest its value should still further diminish. No time was limited within which it was necessary for a plaintiff to sue out execution, or make a levy, in order to secure or enforce his lien. In these respects every one was permitted to consult his own interest or convenience. Judgment liens therefore accumulated; and senior judgment creditors, not choosing to take real estate in discharge of debts, which they deemed secure, often held the entire property of a judgment debtor beyond the reach of all other creditors.
These inconveniences were sought to be removed by three successive acts of the legislature.
The act of February 1, 1822 (2 Chase’s L. 1234): which provides “that in all cases where the party obtaining judgment shall .neglect, for the space of one year after the first day of the term, in which such judgment shall have been rendered, to sue out execution thereon, and cause the same' to be levied according to the provisions of this act, such judgment shall not operate as a lien upon the debtor’s estate to the prejudice of any other bona fide judgment creditor." . . . “ And in all cases where judgments have heretofore been rendered, and on which executions shall not have been taken out and levied prior to the taking effect of this act, it shall be lawful for the plaintiff in any such judgment to have execution thereon, and cause the same to be levied, according to the provisions of this act, at any time within six months next after the taking effect of this act; and after such levy, the judgment on which such execution issued, shall not operate as a lien on the residue of the debtor’s estate, to the prejudice of any other bona fide judgment creditor.”
The act of February 4, 1824 (2 Chase’s L. 1297): which provides “that no judgment heretofore rendered, or which may be hereafter rendered, on which execution shall not have been taken out and levied before the expiration of one year next after the rendition of such judgment, shall operate as a *75 lien on the estate of any debtor, to the prejudice of any other bona fide creditor.”
The act of March 1, 1831, now in force (3 Chase’s L. 1709): which, in this respect, is a re-enactment of the statute just quoted, of February 4, 1824.
The first case which arose under these statutes was that of McCormick v. Alexander, decided in 1825, in 2 Ohio, 65.
There, in 1821, before any time had been limited by statute for the levy of executions, two judgments were rendered, one in March, in favor of Evans, and the other in the next July, in favor of McCormick. The junior judgment was levied six, and the elder twenty months, after their respective dates. In 1825, a sale was had on the elder judgment. In the meantime, the act of 1824 had taken effect.
It was conceded that under the statute in force when Evans obtained his j udgment, his lien was perfect, and that if the property had been sold prior to the act of 1824, the proceeds would have been his. But as the act of 1824 repealed former statutes, and expressly took away the lien where no levy had been made within a year after the date of any judgment, it was held that Evans’ judgment had lost its priority; and McCormick took the money.
The operation of this rule was deemed so severe, that an attempt was made to change it the next year, in Patton v. Sheriff of Pickaway County, 2 Ohio, 395, but without success; and in 1831, the legislature, by re-enactment of the provisions in the act of 1824, confirmed the construction given to it by the court, and so the rule has remained unchanged to the present time.
A series of decisions has followed, which, with other rules laid down by this court, relative to the lien of judgments, may be ranged under four heads:
I. As between judgment debtor and judgment creditor.
II. As between judgment creditor and purchaser from a judgment debtor.
III. Priority of lien among several judgment creditors.
IV. Miscellaneous points.
I. As between judgment debtor and judgment creditor.
The duration of the lien in this case is perpetual. If the judgment becomes dormant, by lapse of time, the lien sleeps with it; and if the judgment be revived, the lien revives also, and so on, indefinitely. Norton v. Beaver, 5 Ohio, 178.
*76 II. As between judgment creditor and purchaser from a judgment debtor.
If lands are sold, bona fide, before judgment, and the judgment debtor retains the legal title, he is merely a trustee for the purchaser, and a judgment against him is no lien on the lands. Manly v. Hunt, 1 Ohio, 257; Barr v. Hatch, 3 Ohio, 527.
The lien relates to the first day of the term. Where, therefore, a term commenced on the 20th, and judgment was taken, during the term, on the 25th, and the defendant conveved his lands to a bona fide purchaser on the 21st of the same month, the judgment held the lands. Urbana Bank v. Baldwin, 3 Ohio, 65.
While the lien exists, it binds the land into whatsoever hands it-may pass. But where no execution is issued for five years, or where five years elapsed between any two executions, so that the judgment becomes dormant, there a purchaser will hold the land. And it is no matter whether the purchase is made before or after the judgment becomes dormant. If the judgment creditor suffers the five years to elapse, and afterward revives, he has lost his lien as against any intermediate bona fide purchaser. Norton v. Beaver, 5 Ohio, 178.
Where land is purchased from- a judgment debtor, the purchaser may in equity require the property of the debtor, or lands subsequently sold by him, to be first exhausted in satisfaction of the judgment. Ford v. Skinner, 7 Ohio, 148, pt. 2.
Where lands lie in one county, and a judgment is rendered in another, and the lands are seized in execution, sold, sale confirmed and deed ordered; and afterward, but before the actual execution of the sheriff’s deed, a deed more than six months old from the judgment debtor to a stranger, and made before the levy of the execution, is placed on record, the purchaser on the execution has the better right. Scribner v. Lockwood, 9 Ohio, 184.
Where a levy is made on goods and chattels sufficient to pay the debt, and during the levy, the judgment creditor sells his real estate to a bona fide purchaser, and afterward, by consent of parties, the goods and chattels are restored to the defendant, the purchaser holds the real estate discharged from the lien of the judgment. Ford v. Skinner, 7 Ohio, 148, pt. 2 — overruling the same case in 4 Ohio, 378. But a levy on real estate is not a satisfaction of the judgment. Reynolds v. Rogers, 5 Ohio, 169.
A purchaser from an administrator under an order of court to sell for the payment of debts, holds the estate discharged of liens. Bank of Muskingum v. Carpenter, 7 Ohio, 21, pt. 1.
Where a mortgage is defectively executed, a subsequent judgment against the mortgagor is not a lien upon the lands. Bank of Muskingum v. Carpenter, 7 Ohio, 21, pt. 1.
A mortgage, executed after the term at which a judgment for the penalty of a bond is taken, but before the term at which the amount due in equity is *77 ascertained, has the priority; and the lien of such judgment is only from the first day of the term at which the amount due in equity is ascertained; and then only for that amount. Tower v. Wells, 8 Ohio, 136.
III. 'Priority oí lien among several judgment creditors.
The cases under this head are embodied in these nine rules.
1. That under the acts of 1824 and 1831, an elder judgment, not levied within a year after its date, loses its priority, as against a junior judgment, levied within a year; and this whether the judgments are before or after the passage of these acts. McCormick v. Alexander, 2 Ohio, 65; Waymire v. Staley, 3 Ohio, 366; Thompson v. Atherton, 6 Ohio, 30.
2. That where an elder judgment is levied within a year, and after the year the levy is set aside at the instance of the plaintiff, a junior judgment, levied within its year, has a priority. Patton v. Sheriff of Pickaway County, 2 Ohio, 395.
3. That a levy must be made on the properly in question, within a year after the judgment; and a levy on other property, though within the year, will not save the lien, as to property not levied on. Shuee v. Ferguson, 3 Ohio, 136.
4. If there be several judgments, and no levy on either of them within the year, they stand on an equal footing, and he who afterward first levies, gains a priority. Shuee v. Ferguson, 3 Ohio, 136; Waymire v. Staley, 3 Ohio, 336; Sellers v. Corwin, 5 Ohio, 398.
5. If an elder judgment be levied on.certain lands after its year, and a junior judgment be levied on the same lands within its year, but after the levy of the elder judgment, the junior judgment has a priority. Shuee v. Ferguson, 3 Ohio, 136.
6. The lion of a junior judgment, on all property not levied on under an elder judgment within the year, continues one year after its date, to the exclusion of the elder judgment, provided the junior judgment was "rendered before the levy under the elder judgment; but a levy under the elder judgment, though after the year, if made before the date of the junior judgment, has a priority. Shuee v. Ferguson, 3 Ohio, 136.
7. Where the court, in pursuance of the statute, order execution against a surety to be stayed, the lien upon his land is notwithstanding lost, unless a levy be made within the year. Earnfit v. Winans, 3 Ohio, 135.
8. Where lands are sold under a judgment, and more than five years afterward the sale is set aside by consent of parties, the judgment thereby loses its lien, as against subsequent judgments. Lytle v. Cin. Man. Co., 4 Ohio, 459; ante, 59.
9. Where an elder judgment is levied after the year and a sale made upon it, and afterward another sale of the same lands is made on a, junior judgment levied within its year, the title passes by the latter sale, although when the first said was made, the second sale had been set aside by an order of the *78 common pleas, the order being afterward reversed by the supreme court. Walpole v. Inks, 9 Ohio, 142.
IY. Miscellaneous points.
A judgment does not bind an equitable interest in land. Roads v. Symmes, 1 Ohio, 281; Jackman v. Halleck, 1 Ohio, 318; Douglas v. Huston, 6 Ohio, 156; Scott v. Douglas, 7 Ohio, pt. 2; Baird v. Kirtland, 8 Ohio, 21.
But whether the equity of a person in possession does not pass by a sale of his possessory right under execution so as to enable a purchaser to control it, is an open question. Scott v. Douglas, 7 Ohio, 227.
The existence, validity, and extent of a judgment lien are matters purely legal, dependent on statutory provisions. If it fail at law, it can not be aided in equity. Mi. Ex. Co. v. Turpin, 3 Ohio, 514; Douglas v. Houston, 6 Ohio, 156.
One in possession of lands has an interest which may be sold on execution, and the judgment debtor is not permitted to dispute the estate of him who chooses to take it. Phelps v. Butler, 2 Ohio, 224; Gray v. Tappan, Wright, 117; Biddle v. Bryan, 5 Ohio, 48; Scott v. Douglas, 7 Ohio, 227, pt. 1; Jackson v. Williams, ante, 69.
The lien of a vendor for the purchase money has a preference over subsequent judgments, and all other later rights, except those of. a purchaser for a valuable consideration, without notice. Patterson v. Johnson, 7 Ohio, 226, pt. 1.
Lands under mortgage may be sold upon a judgment against the mortgagor. Phelps v. Butler, 2 Ohio, 222; ante, 71.
Judgments in the circuit court of the United States for the Ohio district are a lien upon all lands of the defendant within the state. Sellers v. Corwin, 5 Ohio, 398.
A judgment is not a lien upon lands acquired after its rendition. Roads v. Symmes, 1 Ohio, 281; Phelps v. Butler, 2 Ohio, 224. But in such case, .the lien attaches from the date of the levy. Miller v. Murphy, 4 Ohio, 92. On a sci.fa. to charge lands on a justice’s judgment, no lien attaches till execution levied. Jackman v. Halleck, 1 Ohio, 318.
A purchaser, under a judgment against the heir, acquires no right, as against a devisee, though the will be not recorded till after the sale, and the purchaser had no notice of it. Hall v. Ashby, 9 Ohio, 96.